875 F.2d 317
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carl Allen WARMACK, a/k/a "Carl C. Allen", Defendant-Appellant.
 No. 87-5021.
 
 Fourth Circuit.
 Argued: April 12, 1989.
Decided: May 22, 1989.
Rehearing and Rehearing In Banc Denied June 16, 1989.
 Michael J. Kelly (Kelly & Lewis, P.C., on brief), for appellant.
 Thomas John Bondurant, Jr. (John P. Alderman, United States Attorney; Richard W. Pierce, Assistant United States Attorney; John Wagshul, Third-Year Law Student Intern, on brief), for appellee.
 Before ERVIN, Chief Judge, and DONALD RUSSELL and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Carl Allen Warmack appeals his convictions of conspiracy to import cocaine, 21 U.S.C. Secs. 952(a) and 963; conspiracy to possess cocaine with intent to distribute, 21 U.S.C. Secs. 841 and 846; and three separate counts of interstate travel to carry on an unlawful activity, 18 U.S.C. Sec. 1952. The appellant was among the ten defendants tried before a jury in the Western District of Virginia on various drug related charges in November and December 1986. In cases numbered 87-5018, 5019, 5020, 5023, 5024, 5037, 5042, 5043, and 5091, we decided appeals arising out of the convictions of codefendants at the same trial. We find it unnecessary to again provide a lengthy recitation of the facts. Appellant contends that the evidence was insufficient to establish the existence of a conspiracy, that the trial court erred in refusing to instruct the jury on his theory of the case, and that the prosecution failed to produce information in its possession that could have been used to impeach the informant, a key government witness. We find no merit in any of these exceptions, and we affirm.
 
 
 2
 The prosecution resulted from the undercover activities of DEA Agent Donald Lincoln, who was an experienced agent and an able aircraft pilot. He successfully infiltrated a drug group that was moving cocaine from South America into the United States. Lincoln used an arrested drug dealer turned informant, Douglas Griffin, to introduce him to appellant Warmack, who knew cocaine suppliers in Miami and in South America. The evidence of the drug conspiracy was overwhelming so that it was not contested by many of the appellants in the companion cases. However, Warmack argues that the evidence does not support a finding that he was a member of the conspiracy. Warmack attended the meeting arranged to introduce Lincoln to the Calleja brothers. At this meeting plans were made to bring large supplies of cocaine into the United States by aircraft that would land in Roanoke, Virginia. Shortly thereafter, Warmack traveled from Miami to Roanoke with Carlos Calleja to inspect the airfield and the storage facilities that had been arranged on a nearby farm. Later Warmack sent two cashier's checks totaling $11,000 to Lincoln for expenses in connection with his services. When the cocaine arrived in April 1986, Warmack went to Virginia to handle arrangements. He was to receive 25 kilograms out of the load of 318 kilograms, and he was arrested on April 7, 1986 when he was preparing to pick up his part of the load.
 
 
 3
 The evidence establishes not only the existence of the conspiracy but the appellant's actions in furtherance of the purposes of the conspiracy. Warmack contends that he could not be guilty of conspiracy because if he conspired, it was only with Lincoln, a government agent, or Griffin, a government informant. This claim is not supported by the evidence, which shows that appellant was dealing with various co-conspirators and used his own aircraft in furtherance of the conspiracy. The evidence was sufficient to show Warmack's knowledge of the conspiracy's purpose and to show his actions indicating his participation. United States v. Laughman, 618 F.2d 1067 (4th Cir.1980), cert. denied, 447 U.S. 925 (1980).
 
 
 4
 Warmack contends that a twelve-page police report from the New Smyrna Beach Police Department and a tape of an interview made by these policemen should have been produced to him pursuant to the Jencks Act, 18 U.S.C. Sec. 3500 (1982). Appellant contends that this material included statements of the informant Griffin and could have been used effectively to cross-examine Griffin and also Agent Lincoln. He also contends that this material would have helped him establish an entrapment defense. We have reviewed this material and find that it does not qualify as Jencks Act material. His claim that the material could have helped an entrapment defense is meritless because his prior drug convictions would make it practically impossible for him to establish entrapment.
 
 
 5
 We find no merit to the claim that the trial judge did not charge on his theory of the case.
 
 
 6
 AFFIRMED.